O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIZABETH M. BYRNES, INC., | ) | Case No. CV 20-04149 DDP (RAOx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) ) | |
| FOUNTAINHEAD COMMERCIAL CAPITAL, LLC, | ) ) ) | [Dkt. 23] |
| Defendants. | ) | |

Presently before the court is Defendant Fountainhead Commercial Capital, LLC ("Fountainhead")'s Motion to Dismiss Plaintiff's First Amended Complaint. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.   Background**

Beginning in March 2020, public health measures necessitated by the outbreak of the coronavirus pandemic had "devastating" effects on small businesses. First Amended Complaint ("FAC") ¶ 12. In California alone, over 2.4 million people lost their jobs in March and April.[1] In response, the federal government enacted the

---

[1] See "California unemployment rate rose to 5.3 percent in
(continued...)

Coronavirus Aid, Relief, And Economic Security ("CARES") Act, Pub.L. 116-136, H.R. 748. FAC ¶ 13. The CARES Act, among other things, established the Paycheck Protection Program ("PPP"), a $349 billion loan program through which small businesses could obtain forgivable loans backed by the Small Business Administration, but administered by private lenders. FAC ¶ 14.

On March 27, the day the CARES Act was signed into law, Fountainhead advertised that it would "soon be tackling the loan inquiries lined up in our queue, providing business owners with capital they need within days." FAC ¶ 17. The next day, Plaintiff submitted a PPP loan application to Fountainhead for a loan of less than $25,000. FAC ¶ 28. Fountainhead responded with an e-mail stating that Plaintiff was "in the queue," and that "[h]elp is on the way," and asking her to gather certain documentation. Id. The next day, Fountainhead told Plaintiff to expect "an invitation to a secure portal for document upload within the next 48 business hours." Id. Plaintiff did not receive any such invitation. Id.

Fountainhead continued to promote PPP loans, encouraging applications and stating that it "hope[d] to make these loans within days." FAC ¶ 20. Fountainhead executives made statements touting its advantage over other, bank-based lenders, such as Fountainhead's ability to approve loans "within a few hours." FAC ¶ 19. Fountainhead further represented that it "require[d] no[] prior relationship, no special (money-making) criteria, and [was]

---

[1](...continued)
March," https://www.edd.ca.gov/newsroom/unemployment-april-2020.htm; "California unemployment rate rose to record 15.5 percent in April," https://www.edd.ca.gov/Newsroom/unemployment-may-2020.htm.

2

processing first come, first serve . . . no prioritization." FAC ¶ 24.

On April 9, approximately two weeks after submitting her application and being instructed to gather her documentation, Plaintiff followed up with Fountainhead to confirm the status of her loan. FAC ¶ 28. Fountainhead confirmed that her loan was in the queue and again indicated that Plaintiff would receive access to a document upload portal within 24 to 48 hours. Id. Plaintiff did not receive an e-mail providing any such access. Id. Instead, on April 13, Fountainhead sent an e-mail stating, "We ask for your patience with us . . . as we process your requests as quickly and responsibly as we can. Should you feel the need to remove yourself from our loan queue and join another lender's list, kindly let us know . . . so we may continue to prioritize our list." FAC ¶ 29. On the basis of these representations, Plaintiff gathered the requested documents, waited for the opportunity to upload them, refrained from submitting a loan application to other lenders, and made other related decisions regarding her small business. FAC ¶ 30. Plaintiff never, however, received PPP funding from Fountainhead. FAC ¶ 3.

Plaintiff alleges, on behalf of a putative class of California businesses that applied for PPP loans, that Fountainhead's representations to California businesses were false and misleading. FAC ¶ 17. Plaintiff alleges, for example, that Fountainhead was not even licensed to engage in lending activities in California until April 21 and had not secured any funding prior to that time, and therefore could not possibly have extended loans "within days." FAC ¶¶ 17, 26. Plaintiff also alleges that, contrary to its

3

representations, Fountainhead did prioritize favored customers and higher-value loans that would yield higher fees to Fountainhead than would relatively small loans, such as that sought by Plaintiff.  FAC ¶ 32.  Plaintiff's FAC alleges state law claims for fraudulent concealment, unfair business practices, and false advertising.  Fountainhead now moves to dismiss all claims.

## II. Legal Standard

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S.

4

at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.   Fraudulent concealment

"The elements of fraudulent concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage." Burch v. CertainTeed Corp., 34 Cal. App. 5th 341, 348 (2019).  Fountainhead contends that Plaintiff's fraudulent concealment claim fails because Fountainhead had no duty to disclose any of the allegedly concealed facts, including Fountainhead's lack of licensing and capital and its loan prioritization procedures.[2]  (Reply at 10.)

---

[2] Although "duty is not an element of fraud in the traditional sense," the FAC alleges only fraudulent concealment, not an affirmative misrepresentation. Cicone v. URS Corp., 183 Cal. App. 3d 194, 202 (1986); see also Immobiliare, LLC v. Westcor Land Title Ins. Co., 424 F. Supp. 3d 882, 889-90 (E.D. Cal. 2019)("While a claim for fraudulent concealment requires a duty to disclose, a claim for affirmative misrepresentation does not.").

5

A duty to disclose may arise in four circumstances: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Los Angeles Mem'l Coliseum Com. v. Insomniac, Inc., 233 Cal. App. 4th 803, 831 (2015). Plaintiff contends that the latter three of these circumstances are applicable here. (Opposition at 13.) All three, however, "presuppose the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." Burch, 34 Cal.App.5th at 349. "This relationship has been described as a 'transaction,' such as that between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." Id. at 349-50; see also LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997) ("[W]here material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties . . . . As a matter of common sense, such a relationship can only come into being as a result of some sort of transaction between the parties.") (internal quotation marks and citations omitted). Although "a duty to speak may arise when necessary to clarify misleading half-truths," "[w]here . . . a sufficient relationship or transaction does not exist, no duty to disclose arises even when the defendant speaks." Boeken v. Philip Morris, Inc., 127 Cal. App. 4th 1640, 1659 (2005) (internal

6

quotation marks and citation omitted); <u>Bigler-Engler v. Breg, Inc.</u>, 7 Cal. App. 5th 276, 312 (2017).

Here, Plaintiff has not alleged the existence of any kind of transactional or other relationship between herself and Defendant. Defendant did not, therefore, owe Plaintiff any duty of disclosure, and her fraudulent concealment claim must fail.[3]

B.  Remaining Claims

Plaintiff's Second and Third Causes of action allege claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., respectively. Claims under both the UCL and FAL are equitable in nature. <u>Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.</u>, 9 Cal. 5th 279, 326, 462 P.3d 461, 488 (2020); <u>see also</u> <u>Munning v. Gap, Inc.</u>, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017). Fountainhead contends that, under the Ninth Circuit's recent decision in <u>Sonner v. Premier Nutrition Corp.</u>, 971 F.3d 834, 837 (9th Cir. 2020), Plaintiff cannot bring these equitable claims because she has not alleged that she lacks an adequate remedy at law.

In <u>Sonner</u>, the plaintiff brought a damages claim at law as well as equitable claims for restitution. The plaintiff dropped her damages claim, however, in an attempt to have all claims tried before the court rather than a jury. <u>Sonner</u>, 971 F.3d at 838. The

---

[3] Because Plaintiff does not allege the existence of a borrower-lender relationship with Defendant, the court does not address the question whether or when a "mere lender of money" might owe a borrower a duty to disclose for purposes of fraudulent concealment. <u>See</u> <u>Welte v. Wells Fargo Bank Nat'l Ass'n</u>, 189 F. Supp. 3d 965, 973 (C.D. Cal. 2016) (quoting <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal.App.3d 1089, 1096 (1991)).

7

district court then dismissed the equitable claims under California's inadequate-remedy-at-law doctrine. Id. On appeal, the Ninth Circuit affirmed on an alternative ground, holding that, regardless of state law, a federal court sitting in diversity is bound by traditional federal equitable principles. Id. at 842, 845. The court further held that among those principles, consistent with California's inadequate-remedy-at-law doctrine, is the requirement that a plaintiff establish that she lacks an adequate remedy at law before pursuing equitable restitution. Id. at 844.

In cases such as this one, where Plaintiff makes no such allegation, district courts appear to have uniformly dismissed equitable claims under Sonner. See, e.g., In re MacBook Keyboard Litig., No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (collecting cases); see also Teresa Adams v. Cole Haan, LLC, No. SACV-20-913-JVS, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) ("The clear rule in Sonner that plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief [] applies."). Accordingly, Plaintiff's second and third causes of action are dismissed, with leave to amend.

**IV. Conclusion**

For the reasons stated above, Fountainhead's Motion to Dismiss is GRANTED. All three claims are DISMISSED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this Order.

8

IT IS SO ORDERED.

Dated: 8-6-2021

DEAN D. PREGERSON
United States District Judge